UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00702ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant James Jones's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The United States of America filed its Response to the Motion to Vacate, Set Aside, or Correct Sentence [ECF No. 5] on June 22, 2011. Movant filed his traverse [ECF No. 10] on October 24, 2011.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On June 12, 2008, Movant and Cornelius Raymond Johnson (co-defendant) were charged with knowing and intentional possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841 (a)(1). Movant was initially represented by a court-appointed attorney. Movant's court-appointed attorney retained Lionel Bailey to provide investigation services, including interviewing witnesses. In September 2008, Movant retained Robert Taaffe to represent him at trial. Movant's jury trial began November 12, 2008.

At trial, police officer Blake Witzman testified that on May 14, 2008, a confidential informant told him that two individuals were selling drugs in front of a residence. Both Officer

Witzman and Officer Damon Willis responded to the scene. They each testified that they observed Movant approach a vehicle and then obtain a package containing a white substance from the driver of the vehicle. Officers Willis and Witzman also testified that shortly after that exchange, they pursued Movant and his co-defendant as they were running into the residence. Officer Witzman testified that he followed Movant into the residence and observed Movant dropping small plastic bags filled with the white substance into a toilet. Officer Witzman retrieved the bags from the toilet. The substance contained in the bags was tested and determined to be 234.98 grams of cocaine base.

Movant's testimony at trial conflicted with the police officers' testimony. Movant testified that he did not obtain a package containing a white substance from the vehicle in question, he did not run from the police officers, and that Officer Witzman did not follow him into a bathroom. No other witnesses testified on Movant's behalf.

The jury convicted Movant of one count of possession with intent to distribute fifty grams or more of cocaine base. The Court sentenced Movant to 240 months imprisonment. Additionally, Movant was sentenced to supervised release for a term of ten years. Movant then appealed to the Eighth Circuit, which affirmed his conviction and sentence. *U.S. v. Jones*, 600 F.3d 985, 992 (8th Cir. 2010).

On April 18, 2011, Movant, proceeding *pro se*, filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Movant claims that his sentence should be set aside because he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Movant also requests an evidentiary hearing on his claims.

II.     **LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner is entitled to have his sentence vacated, set

aside, or corrected if he can prove that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003).

Section 2255 claims may also be limited by procedural default. "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a §

3

2255 motion, except in "unusual circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation and citation omitted).  Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  A § 2255 motion can be dismissed without an evidentiary hearing if 1) the movant's allegations, accepted as true, would not entitle the movant to relief, or 2) the allegations cannot be accepted as true because they are contradicted by the record, not credible, or conclusory. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

## III.    DISCUSSION

Movant raises the following grounds for relief based upon a claim of ineffective assistance of counsel: (1) failure to investigate, interview, or subpoena witness Enrique Quinones; (2) failure to investigate, interview, or subpoena witness Debra Churchman; (3) failure to investigate, interview, or subpoena witness Clifford Williams; (4) failure to conduct an independent investigation of the scene of the arrest; and (5) failure to subpoena or interview the confidential informant, which he alleges violated his right to confront the witnesses against him.

To succeed on a claim of ineffective assistance of counsel, the litigant must prove (1) that

4

counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove *Strickland*'s first prong, deficient performance, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When evaluating counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In addition, the objective reasonableness of counsel's performance is assessed "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010).

Even if sufficient proof exists with respect to the first prong, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case (the second prong). *Strickland*, 466 U.S. at 697. A movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This showing of a "reasonable probability" of a different outcome is less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

  **A. Failure to Investigate, Interview or Subpoena Enrique Quinones and Debra Churchman**

Movant first claims that Mr. Taaffe's representation was ineffective when he failed to

investigate, interview, or subpoena Enrique Quinones and Debra Churchman as defense witnesses when Movant specifically requested he do so. [ECF No. 1-1, pp. 14, 16]. Movant contends that had Mr. Quinones testified, he would have told the jury that 1) Movant did not have money or other means to purchase drugs, and that 2) during the time he spent with Movant before his arrest, Movant did not indicate he intended to sell drugs. [ECF No. 1-1, p. 15]. Movant also contends that Ms. Churchman's testimony would have corroborated Mr. Quinones's testimony and also would have indicated a different perpetrator. [ECF No. 1-1, p. 16]. Movant argues this testimony "had the potential of placing a reasonable doubt in the minds of the jury deciding whether or not to believe [Movant's] 'intentions,' 'knowledge,' and or culpability." [ECF No. 1-1, pp. 15-16].

    The record affirmatively refutes Movant's claims. The United States provided a sworn affidavit from Mr. Taaffe in which he gives his reasons for not calling Mr. Quinones and Ms. Churchman as witnesses. In the affidavit, Mr. Taaffe states that an investigator, Lionel Bailey, located potential witnesses and took their statements on Movant's behalf. [Taaffe Affidavit, ECF No. 5-1, p. 58]. Mr. Taaffe also states that he obtained the work the investigator had done on Movant's case before he was retained and was told that the investigator had completed all witness interviews. [Taaffe Affidavit, ECF No. 5-1, p. 58]. Mr. Taaffe states that he chose not to call Mr. Quinones and Ms. Churchman as witnesses because 1) they could not testify as to what happened at the scene and 2) they could not testify as to Movant's intentions the evening of May 14, 2008. [Taaffe Affidavit, ECF No. 5-1, p. 59]. Mr. Taaffe also states that their testimony regarding Movant's lack of money has little or no bearing on what Movant actually decided to do the evening in question. [Taaffe Affidavit, ECF No. 5-1, p. 59].

    The Court finds that Mr. Taaffe's performance was not deficient with respect to his

6

investigation of Mr. Quinones and Ms. Churchman and his choice not to call them as witnesses. Ineffective assistance is generally clear when counsel completely fails to investigate. *Chambers v. Armontrout*, 907 F.2d 825, 835 (8th Cir. 1990). Here, counsel did investigate Mr. Quinones and Ms. Churchman. Movant has failed to demonstrate that Mr. Quinones and Ms. Churchman were not actually interviewed to assess their potential value to Movant's defense. In fact, Movant's own exhibit shows that the investigator located Mr. Quinones and Ms. Churchman and interviewed them about their knowledge of what took place the evening of May 14, 2008. [ECF No. 1-2, p. 29].

In addition, the record shows that Mr. Taaffe made a strategic decision to not to call Mr. Quinones and Ms. Churchman as witnesses. Mr. Taaffe states that because these witnesses lacked knowledge as to what transpired immediately before Movant's arrest, he decided not to call Mr. Quinones and Ms. Churchman as witnesses. [Taaffe Affidavit, ECF No. 5-1, p. 59]. This decision was part of Mr. Taaffe's trial strategy. A court must be highly deferential to an attorney's trial strategy. *Strickland*, 466 U.S. at 689. In addition, "the decision not to call a witness is a 'virtually unchallengeable' decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). The Court finds that Mr. Taaffe made a reasonable strategic choice by not calling two witnesses who would not aid in Movant's defense. Therefore, the Court finds Mr. Taaffe's performance was not deficient.

Because Mr. Taafe's performance was not deficient, there is no need to examine *Strickland*'s second prong. *See Strickland*, 477 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim. . .to address both components of the inquiry if the defendant makes an insufficient showing on one."). Movant's claim that Mr. Taaffe provided ineffective assistance in failing to investigate, interview, or subpoena Mr. Quinones and Ms. Churchman is affirmatively

7

refuted by the record. *See Anjulo-Lopez*, 541 F.3d at 817. Therefore, this claim will be denied without an evidentiary hearing.

### B. Failure to Investigate, Interview, or Subpoena Clifford Williams

Movant next contends that Mr. Taaffe was ineffective in failing to investigate, interview, subpoena, or call Clifford Williams as a witness after Movant specifically requested he do so. [ECF No. 1-1, p. 17].[1] Movant provided an affidavit from Mr. Williams where he states that he saw Movant standing on a porch but did not see Movant leave the porch to approach a car that was parked in the street. [Williams Affidavit, ECF No. 1-2, p. 37].[2] In this affidavit, Mr. Williams also states that Movant did not run away from police officers and into the house because Movant was already inside the house at the time the police arrived at the scene. [Williams Affidavit, ECF No. 1-2, p. 37]. Movant asserts Mr. Williams's testimony would refute Officer Willis's and Officer Witzman's testimony. [ECF No. 1-1, p. 17].

In Mr. Taaffe's affidavit, he claims he does not recall Movant providing him with Mr. Williams's name as a potential witness nor does he recall the investigator interviewing him. [Taaffe Affidavit, ECF No. 5-1, pp. 58-59]. Mr. Taaffe asserts that had he been aware of Mr. Williams's potential testimony, he would have attempted to locate him and would have requested a continuance

---

[1] In his opening brief, Movant referred to this witness as William Clifford. [ECF No. 1-1, pp. 11, 17-18]. The affidavit submitted in support of his motion states "Clifford Williams." [ECF No. 1-2, pp. 11, 37-38]. In its Response, the United States refers to the witness as William Clifford and Mr. Taaffe uses the same name in his affidavit. The Court presumes the parties referred to the same individual, Clifford Williams, but mistakenly transposed the first and last name in their initial briefs. *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001) (stating a pro se § 2255 petition requires a more "liberal construction" than a court would give pro se pleadings in any other civil case).

[2] The affidavit Movant provided was signed by "Clifford Williams," but the affidavit is not notarized.

8

if he was not successful in locating him. [Taaffe Affidavit, ECF No. 5-1, p. 59]. The record shows that the investigator did not interview Mr. Williams. [ECF No. 1-2, p. 29]. Mr. Williams acknowledges that no one spoke with him regarding the events that took place the evening of May 14, 2008. [Williams Affidavit, ECF No. 1-2, p. 37].

Counsel's actions are typically, and properly, based on information supplied by the defendant. *Strickland*, 466 U.S. at 691. Therefore, Mr. Taaffe's performance could not be considered deficient if Movant failed to inform Mr. Taaffe that Mr. Williams may be a potential witness. *See Battle v. Delo*, 19 F.3d 1547, 1555 (8th Cir. 1994). Here, Movant asserts in a sworn affidavit that he asked Mr. Taaffe to interview Mr. Williams and to call him as a witness. [ECF No. 1-2, p. 41]. In support of his assertion, Movant has submitted an investigation report that Movant claims was given to Mr. Taaffe. [ECF No. 10, p. 76]. This report lists Mr. Williams as a witness along with his telephone number and address. [ECF No. 10-2, p. 88]. The record contains conflicting evidence in that Mr. Taaffe's affidavit states that he was not informed that Mr. Williams may be a potential witness [Taaffe Affidavit, ECF No. 5-1, pp. 58-59] and Movant's affidavit directly contradicts this assertion. When the record before the Court contains conflicting evidence, an evidentiary hearing is necessary. *Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001). Here, there is conflicting evidence as to whether Movant asked Mr. Taaffe to call Mr. Williams as a witness. Therefore, the record does not affirmatively refute Movant's claim that Mr. Taaffe's performance was deficient by not calling Mr. Williams as a witness.

The prejudice prong is also not affirmatively refuted by the record. Mr. Williams's affidavit contains an account of the events the evening of Movant's arrest that directly contradicts the testimony of Officers Willis and Witzman. In addition, Mr. Williams's statements in his affidavit

are consistent with Movant's testimony regarding what took place immediately before his arrest. Movant contends that had Mr. Williams testified at trial, Movant would not have been found guilty and would not have been sentenced to 240 months in prison. [ECF No. 1-1, p. 12]. The United States concedes that Mr. Williams' testimony would have been helpful to Movant at trial. [ECF No. 5, p. 54]. Movant was convicted based on the testimony of two eyewitnesses. If Mr. Williams had testified and was perceived as credible by the jury, the jury could have seriously doubted the United States case against him. Movant has demonstrated a reasonable probability that had Mr. Williams testified, the outcome of his trial would have been different.

The Court, therefore, concludes that Movant is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel regarding Mr. Taaffe's failure to investigate, interview, or subpoena Mr. Williams. This hearing will be limited to determining whether Mr. Taaffe had been informed that Mr. Williams was a potential defense witness as well as determining the content and credibility of Mr. Williams's testimony.

### C.     Failure to Conduct an Independent Investigation

Movant next contends that at the time of his arrest, tree foliage blocked Officers Witzman and Willis's view of the crime scene, which impaired their ability to identify Movant as the perpetrator. [ECF No. 1-1, pp. 19-20]. Movant claims that Mr. Taaffe's performance was deficient in failing to visit the scene or locate witnesses to support Movant's claim that the tree was in full bloom at the time of the arrest and, therefore, it obstructed the officers' view. [ECF No. 1-1, p. 20]. Movant further claims Mr. Taaffe's failure to independently investigate the scene was prejudicial because the photos of the crime scene submitted at trial by the United States were not accurate. [ECF No. 1-1, p. 21]. Movant contends the photos were not accurate because the season

had changed by the time the photos were taken and the photos did not represent how the tree appeared at the time of the arrest. [ECF No. 1-1, p. 21]. Movant also asserts prejudice by claiming that had Mr. Taaffe performed an independent investigation, he could have pointed out the photos' inaccuracies to the jury, which would have then led the jury to doubt the testimony of Officers Willis and Witzman and resulted in a not guilty verdict. [ECF No. 1-1, p. 21].

Instead of conducting an independent investigation, Mr. Taaffe purchased the file and photographs from the investigator retained by Movant's initial counsel, Mr. Bailey. [Taaffe Affidavit, ECF No. 5-1, p. 58]. Movant contends that Mr. Taaffe's performance "fell below the objective standard of reasonableness" by relying on the investigator's work instead of conducting his own investigation. [ECF No. 1-1, p. 20]. Contrary to Movant's contention, Mr. Taaffe's decision to rely on the investigator's file instead of visiting the scene himself was reasonable under the circumstances. Mr. Taaffe was not obligated to personally conduct an investigation of the scene in order to provide effective assistance. *See Walls v. Bowersox*, 151 F.3d 827, 834 n. 4 (8th Cir. 1998) ("[I]t is neither unprofessional nor unreasonable for a lawyer to use surrogates to investigate and interview potential witnesses rather than doing so personally."). Therefore, Mr. Taaffe's decision to purchase the investigator's file instead of conducting his own investigation does not constitute deficient performance.

In addition, Movant cannot establish prejudice because it is not clear how an independent investigation would have changed the outcome of the case. At trial, Mr. Taaffe questioned Officer Willis about whether there were more leaves on the tree at the time of his surveillance compared

11

to the photos submitted by the United States. [4:08CR00361 ERW, ECF No. 132, Trial Tr. 633].[3]

After Officer Willis was unable to answer definitively, Mr. Taaffe asked him if he had a clear view of the scene, specifically of the porch where Movant was standing. [4:08CR00361 ERW, ECF No. 132, Trial Tr. 635]. Officer Willis testified that he did have a clear view. [4:08CR00361 ERW, ECF No. 132, Trial Tr. 635].[4] Through this cross examination, Mr. Taaffe addressed the office's view of the crime scene as well as the accuracy of the photos at trial, which would potentially undermine the credibility of the Officer Willis's testimony. Movant has not shown how Mr. Taaffe's failure to personally investigate the scene would have added anything to Mr. Taaffe's ability to impeach Officer Willis.

Mr. Taaffe also questioned the investigator, Mr. Bailey, about the photographs he took of the scene. [4:08CR00361 ERW, ECF No. 134, Trial Tr. 960-970]. Mr. Bailey testified that he took the photos of the scene on September 11 and September 15, 2008. [4:08CR00361 ERW, ECF No.

---

[3]The relevant excerpts from Mr. Taaffe's cross examination of Officer Willis [4:08CR00361 ERW, ECF No.132, Trial Tr. 633] are:
    Q: Well, let me refer you to State's Exhibit #2 . . . let's remind the Jury that this particular date you're conducting this surveillance is May, right?
    A: Yes, sir
    Q: Okay, so the trees are not – the trees are not exactly like they are in this picture, are they?
    A: That's correct.
    Q: I mean, the trees are fuller in May, aren't they?
    A: Perhaps, I'm not exactly sure.

[4]The relevant excerpts from Mr. Taaffe's cross examination of Officer Willis [4:08CR00361 ERW, ECF No.132, Trial Tr. 635] are:
    Q: Now you can't tell me from your memory whether that tree was in greater bloom or lesser bloom when you were looking at the front porch?
    A: I couldn't tell you, sir. I had a clear view, though.
    Q: You had a clear view; you're sure of that?
    A: Yes, sir.

134, Trial Tr. 960, 971]. Movant contends that these photos did not accurately portray the scene as it appeared the night of the arrest because the tree that allegedly blocked the officers' view was in full bloom in May. Movant fails to recognize that Mr. Taaffe entered his appearance in September so had he visited the scene, the tree would have looked identical to the photos Mr. Bailey provided to him. Movant has not demonstrated how Mr. Taaffe's independent investigation would have changed the outcome of his trial.

Because the record conclusively shows that Mr. Taaffe's performance was not deficient and Movant has not shown prejudice on this claim, Movant is not entitled to relief. The claim will be denied without an evidentiary hearing.

**D.      Failure to Subpoena or Interview the Confidential Informant**

Movant also claims that Mr. Taaffe was ineffective in failing to subpoena, interview, or call the confidential informant as a witness. [ECF No. 1-1, p. 22]. Movant contends that he had a Sixth Amendment right to confront the informant and that Mr. Taaffe's failure to interview or subpoena the informant to testify amounts to deficient performance. [ECF No. 1-1, p. 23]. Movant further contends Mr. Taaffe's failure to contact the confidential informant was prejudicial because the informant's testimony may have contradicted Officer Witzman's account of what took place the evening of Movant's arrest. [ECF No. 1-1, p. 23].

At trial, Officer Witzman testified that: "I received information from a source that two subjects were selling and conducting drug transactions in front of the residence." [4:08CR00361 ERW, ECF No. 133, Trial Tr. 768]. After being asked how the subjects were identified, the Officer stated, "[the confidential informant] advised me that two subjects named James and Cornelius – and gave a physical description of both of the subjects – were in front of the residence, selling

narcotics." [4:08CR00361 ERW, ECF No. 133, Trial Tr.  768].

Under the Sixth Amendment's Confrontation Clause, out-of-court, testimonial statements by a witness are not admissible unless the defendant had a previous opportunity to cross examine the witness. *Crawford v. Washington*, 541 U.S. 36, 54 (2004).  An investigating officer's testimony concerning what an informant told him or her may be "introduced for the limited purpose of explaining the course of the police investigation.*"  United States v. Wiig*, No. 08: 05CR245, 2008 WL 150218, at *3 (D. Neb. Jan. 14, 2008) (internal citations omitted).  Such statements are not considered "testimonial" and, therefore, *Crawford* does not apply.  *Id.*

Movant cites to a Tenth Circuit case to support his claim that a confidential informant's statement to an investigating police officer is "testimonial."  [ECF No.  10, p. 81].  In that case, the court stated, in dicta, that it believed the informant's statements were offered to explain the course of the police investigation and not offered for the truth of the matter asserted.  *United States v. Lopez-Medina*, 596 F.3d 716, 730 n. 7 (10th Cir. 2010).  The court in *Lopez-Medina* did not determine whether the statements were not hearsay, which would have made *Crawford* inapplicable, because that issue had not been raised by the parties.  *Id.*  Here, Movant has raised the issue by contending the confidential informant's statements are testimonial out-of-court statements.[5]

In response, the United States contends that Movant was not legally entitled to learn the identity of the  informant.  [ECF No. 5, p. 56].  In his affidavit, Mr. Taaffe states that he did not call the informant as a witness because the informant's identity was not available to him by law.

---

[5]Movant does not contend that Mr. Taaffe should have objected to the admission of the informant's statements on hearsay grounds.  Instead, Movant contends the admission violated his Confrontation Clause rights because Mr. Taaffe failed to call the informant as a witness. [ECF No.  1-1, p. 23].

14

[ECF No. 5-1, p. 59]. Movant counters by stating that the relevant issue is not his right to know the informant's identity but is instead his right to confront the informant pursuant to the Sixth Amendment. [ECF No. 10, p. 80].

Even if Mr. Taaffe had attempted to subpoena the informant, it is unlikely he would have been successful. Due to the government's interest in protecting the identity of its informants, Movant would had to have shown a "clear need for the informant's identity." *Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1052 (8th Cir. 2007). A "clear need" is demonstrated when an informant's identity is material to the case. *Id.* at 1053. An informant's identity is material when there is a reasonable probability that disclosing the identity would change the outcome of the case. *Id.* To demonstrate that an informant's identity is material, a defendant must allege more than "mere speculation that the testimony of the informant might prove to be helpful to the defense." *United States v. Kime*, 99 F.3d 870, 879 (8th Cir. 1996) (stating that the defendants did not demonstrate a clear need for an informant's identity when they speculated that the informant's potential in-court testimony could possibly be used to attack the veracity of the informant's affidavit).

Movant's sole contention is that Mr. Taaffe should have called the informant as a witness "to check the reliability of Officer Witzman's testimony." [ECF No. 1-1, p. 23]. This reason does not constitute a clear need that overrides the government's interest in protecting their anonymity of their informants. Because Movant has not alleged a "clear need" for the informant's identity and the informant's identity would not have been released, Movant cannot show that Mr. Taaffe's failure to call the informant as a witness constitutes deficient performance. Counsel's performance cannot be deemed deficient for failing to do something he would have been prevented from doing.

15

The record conclusively shows that Mr. Taaffe's performance was not deficient due to his failure to call the confidential informant as a witness. Movant's claim as to the confidential informant will be denied without an evidentiary hearing.

## IV.    CONCLUSION

The record affirmatively refutes all of Movant's claims for relief except for his claim of ineffective assistance of counsel based on his attorney's failure to investigate or call Mr. Williams as a witness. For that claim, Movant has alleged both deficient performance and prejudice, which the record does not clearly refute. Thus, the Court will conduct an evidentiary hearing on this claim, limited to the issue of whether Movant did, in fact, direct counsel to call Mr. Williams as a witness as well as the content and credibility of Mr. Williams's testimony. Movant's remaining claims are either facially inadequate or affirmatively refuted by the record, and an evidentiary hearing is therefore not required on those matters.

Accordingly,

**IT IS HEREBY ORDERED** that with the exception of Movant's claim of ineffective assistance of counsel based on his attorney's failure to call Mr. Williams as a defense witness or investigate his potential as a witness, Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court shall conduct an evidentiary hearing concerning Movant's claim of ineffective assistance of counsel based on his attorney's failure to call Clifford Williams as a witness or investigate his potential as a witness. The hearing will be held on **February 2, 2012** at **9:00 a.m.** at the United States District Court in St. Louis, Missouri,

and it will be limited to determining whether Movant instructed his attorney to call Mr. Williams as a defense witness as well as the content and credibility of Mr. Williams's testimony.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport James Jones, Inmate #35343-044, from the Victorville Federal Correctional Complex in Adelanto, California, to the United States District Court in St. Louis, Missouri, in advance of and for the attendance at the Evidentiary Hearing scheduled for **February 2, 2012**, at **9:00 a.m.**

Dated this  16th  day of November, 2011.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE