UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES JONES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV00702 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Respondent the United States of America's Motion for Pre-Hearing Determinations. [ECF No. 20]. The Court heard oral arguments on the Motion on February 14, 2012.

**I.   BACKGROUND**

The Court had scheduled an evidentiary hearing for February 14, 2012 to hear evidence and testimony regarding one issue raised in Movant James Jones's Motion under 28 U.S.C. § 2255. ECF Nos. 11, 19. In preparation for the evidentiary hearing, Assistant United States Attorney Thomas J. Mehan began reviewing Robert Taaffe's file (hereinafter, "the Taaffe file").[1] While in discussions with Movant's appointed counsel, Kevin Schriener, both Mr. Mehan and Mr. Schriener became concerned that Mr. Mehan should not be reviewing the file because the file technically belongs to Movant and contains privileged communications.  In light of ABA Committee on Ethics and Professional Responsibility Formal Opionion 10-456 (2010) (hereinafter "ABA Opinion 10-456"), both attorneys had questions concerning the scope of Movant's waiver of attorney-client privilege. Prudently, both attorneys sought guidance from the Court.  Specifically, the United States seeks a

---

[1] Movant alleges that Robert Taaffe, his trial counsel, was ineffective for failing to investigate Clifford Williams as a potential witness.

judicial ruling that will allow Mr. Taaffe, "to disclose relevant information prior to the actual hearing."

## II.   LEGAL STANDARD

Under Missouri Supreme Court Rule 4-1.6(b)(3), "A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary: . . . (3) . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]"[2] A client may waive attorney-client privilege when the client attacks his or her "attorney's conduct which calls into question the substance of their communications." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974).  The "privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raised the specter of ineffectiveness or incompetence." *Id*.  Thus, Movant, who has filed a § 2255 Motion on a theory of ineffective assistance of counsel, has waived this privilege.  The extent of the waiver, however, is limited to communications directly related to the specific claim of ineffective assistance.

Rule 7 of the Rules Governing Section 2255 Proceedings allows parties to collect affidavits from witnesses, including a § 2255 movant's trial counsel, to prove or disprove the claim of ineffective assistance of counsel.  This conduct has always been perceived as an action that comports with a movant's waiver of privilege.  In this case, the United States seeks access to the Taaffe file and the out-of-court questioning of Taaffe in regards to the file's content.  Movant objects that this request is beyond the scope of Movant's waiver and questionable under ABA Opinion 10-456.

---

[2] "The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri[.]" E.D. Mo. L.R. 12.08.

ABA Opinion 10-456 "discusses whether a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel may, without the former client's informed consent, disclose confidential information to government lawyers prior to any proceeding on the defendant's claim in order to help the prosecution establish that the lawyer's representation was competent." ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 10-456 at 1 (2010). ABA Opinion 10-456 contemplates the United States's request for the Taaffe file and suggests that "disclosure of client confidential information outside court-supervised proceedings undermines important interest protected by the confidentiality rule." *Id*. at 5. Therefore, "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." *Id*.

### III.   DISCUSSION

As a threshold issue, ABA Formal Opinions are not binding on the Court. *See id.* at 1 n.1 ("The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling."). Nevertheless, ABA Opinion 10-456 raises important issues about the scope of Movant's waiver. The Eighth Circuit has not addressed this issue and the Court looked to other jurisdictions for guidance. *Melo v. United States*, --- F. Supp. 2d ---, 2011 WL 5597432 at * 6 n.2 (S.D.N.Y. Nov. 15, 2011) (finding that ABA Opinion 10-456 does not prohibit affidavits and noting that the Second Circuit recognizes the waiver of attorney-client privilege within the context of some ineffective assistance of counsel claims); *Hudson v. United States*, 2011 WL 3667602 at *4 (S.D. W. Va. Aug. 22, 2011) (ordering movant's counsel to file an affidavit, but denying a request to speak with counsel outside the presence of movant and the court); *Dunlap v. United States*, 2011 WL 269315 at * 1 n.4 (D. S.C. July 12, 2011) (ordering movant's counsel to file an affidavit, but finding ABA Opinion 10-456 unpersuasive); *Hicks v. United States*, 2010 WL

5441679 at *5 (S.D. W. Va. Dec. 2010) (noting the lack of case law on ABA Opinion 10-456 and concluding to take a prudent approach that involved preliminary review of the privileged communications). Although helpful, none of these cases resolve the issue in a manner that satisfies the Court.

In light of this unresolved legal issue, the parties have stipulated to the following on the record:

1. At the evidentiary hearing to adjudicate the merits of Movant's remaining claim of ineffective assistance of counsel, Movant will put forth his case-in-chief in which Movant, Clifford Williams, and Mr. Taaffe may testify.

2. Before Mr. Taaffe is cross examined by the United States, the Court will conduct an hearing on the scope of Mr. Taaffe's testimony.

3. If necessary, the Court will conduct an *in camera* review of the Taaffe file and determine which, if any, documents contained therein shall be disclosed to the United States and the subject of cross examination.

The Court adopts the parties' stipulation because it protects Movant's confidentiality interests and Mr. Taaffe's self-defense interest while allowing the United States to fully develop its case.

During today's hearing, the Court also ordered Mr. Mehan to produce his copy of the Taaffe file to the Clerk of the Court to be held by the Clerk until the evidentiary hearing scheduled for February 27, 2012. Mr. Mehan produced the file during the hearing.

Accordingly,

**IT IS HEREBY ORDERED** that the United States's Motion for Pre-Hearing Determination [ECF No. 20] is **GRANTED** pursuant to the parties' on-the-record stipulation.

**IT IS FURTHER ORDERED** that the Court adopts the parties' aforementioned stipulation.

**IT IS FURTHER ORDERED** that Court shall conduct an evidentiary hearing concerning Movant's claim of ineffective assistance of counsel based on his attorney's failure to call Clifford Williams as a witness or investigate his potential as a witness.  The hearing will be held on **February 27, 2012** at **9:00 a.m.** at the United States District Court in St. Louis, Missouri.

**IT IS FURTHER ORDERED** that the United States's copy of the Taaffe file shall remain in the possession of the Clerk of the Court until the **February 27, 2012 evidentiary hearing**.  At that time, it is anticipated that the Taaffe file will be returned to Movant.

Dated this   14th   day of February, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

5