UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES JONES,                                     )
                                                 )
                 Movant,                         )
                                                 )
         vs.                                     )          Case No. 4:11CV00702 ERW
                                                 )
UNITED STATES OF AMERICA,                        )
                                                 )
                 Respondent.                     )

**MEMORANDUM AND ORDER**

     This matter comes before the Court following an evidentiary hearing held on February 29,

2012, and March 7, 2012 on Movant James Jones's ("Movant") Motion under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1].  In the Court's

Order dated November 16, 2011 [ECF No. 11], it denied Movant's claims for relief in his Motion,

with the exception of his ineffective assistance of counsel claim related to his Counsel's alleged

failure to call Clifford Williams as a witness or investigate his potential as a witness.  With respect

to that claim, the Court found that an evidentiary hearing was necessary to determine "whether

Movant did, in fact, direct counsel to call Mr. Williams as a witness as well as the content and

credibility of Mr. Williams's testimony."  ECF No. 11 at 16.

     At the evidentiary hearing, the following individuals testified: Movant; Movant's first

counsel, Ed Fehlig; Movant's second and final counsel, Robert Taaffe; investigator Lionel Bailey;

and Clifford Williams.[1]

---

[1] For a complete recitation of the facts deduced at the trial, see ECF No. 11.

# I.    LEGAL STANDARD

To succeed on a claim of ineffective assistance of counsel, the litigant must prove (1) that counsel's  performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment" and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove *Strickland*'s first prong, deficient performance, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  When evaluating counsel's performance, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  In addition, the objective reasonableness of counsel's performance is assessed "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010).

Even if sufficient proof exists with respect to the first prong, relief may only be obtained if a petitioner also proves that the deficient performance prejudiced the case (the second prong). *Strickland*, 466 U.S. at 697.  A movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  This showing of a "reasonable probability" of a different outcome is less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008). The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

## II.    DISCUSSION

Movant's theory is that Mr. Taaffe was ineffective because he failed to investigate Mr. Williams as a witness, and that Mr. Williams testimony would provide sufficient evidence to instill reasonable doubt in the minds of the jurors.  In order for Mr. Taaffe's failure to investigate Mr. Williams to rise to the level of ineffective assistance of counsel, Movant needed to demonstrate prejudice.  To demonstrate prejudice, Movant needed to demonstrate a reasonable probability that had Mr. Williams testified, the outcome of his trial would have been different.  Movant needed to establish that Mr. Williams's testimony would provide credible evidence that would allow a jury to find Movant was not the individual who obtained a package containing a white substance from the vehicle in question, and who ran from the police officers.

After reviewing the post-hearing briefs and the hearing transcript, the Court concludes that Movant has not demonstrated prejudice.  Mr. Williams testified that he did not prepare the affidavit, Evid. Hr'g Tr. vol. I (ECF No. 36) at 71, but the affidavit did contain his signature.  *Id*. at 74.  He testified that his affidavit did not accurately reflect what he witnessed the day of Movant's arrest. *Id*. at 57-63.  Importantly, he stated that although he did not see Movant leave the porch and approach a car parked on the street, Movant could have left the porch because Mr. Williams was "[i]n and out of the house.  I did not see him." *Id*. at 64.  When asked if paragraph 8 of the affidavit was his statement, "I was outside sitting on the porch the whole evening," he stated, "No. No.  I have never sat on my porch the whole evening[.]" *Id*. at 68.  This testimony completely undermines Movant's theory that Mr. Williams was on the porch the entire evening, witnessing everything that transpired.  Mr. Williams could not definitively testify that Movant was on the porch all afternoon and evening and that he was not the person who approached the black car.  Mr. Williams's testimony would not support Movant's defense theory.

3

Because Movant cannot demonstrate prejudice, there is no need to examine *Strickland*'s performance prong. *See Strickland*, 477 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim. . .to address both components of the inquiry if the defendant makes an insufficient showing on one."). After the evidentiary hearing, the record affirmatively refutes Movant's claim that Mr. Taaffe provided ineffective assistance in failing to investigate Mr. Williams as a witness.

## III.   CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## IV.   CONCLUSION

Movant has not demonstrated *Strickland* prejudice. Therefore, he has not established that his counsel was constitutionally ineffective. Movant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the United States of America's Motion to Strike [ECF No. 47] is **DENIED as MOOT**.

Dated this  30th  day of August, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE